S. M. HEDGES, GEORGE L. SHORT, AND T. L. SALVATO, APPELLANTS, V. THE STATE, APPELLEE.

No. 20533. Delivered December 20, 1939.
Rehearing Denied February 21, 1940.

454

The opinion states the case.

*Wm E. Davenport,* of San Angelo, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

This is a suit for bond forfeiture in the district court of Runnels County, based on a judgment nisi forfeiting a bail bond in the sum of $1000, signed by S. M. Hedges, George L. Short and T. L. Salvato.

The State's pleading, consisting of the scire facias which answers the same purpose as an original petition, alleges, in substance, that on October 28, 1937, in justice court of precinct No. 1, in cause No. 1118, the defendant S. M. Hedges, in which he was charged with a felony, made and entered into an appearance bond signed by himself and the two above named sureties, wherein he was obligated to make his appearance before the district court of Runnels County on the 15th day of November, 1937, and from day to day and term to term thereof to answer said charge of a felony; and whereas said cause was called for trial on the 29th day of November, 1937, and the defendant came not, but wholly made default, and the court did on said last named date declare such bond forfeited, and entered his judgment nisi at such time.

This citation was duly served upon the defendants requiring their attendance on November 14, 1938, to show cause why said forfeiture should not be made final. A copy of said scire facias was served on the two sureties on September 16, 1938, same being issued on September 15, 1938.

On February 22, 1939, the State, through her district at-attorney, filed an amended scire facias, or amended original petition, as it was called, on which it declared on a bond in a

similar amount, signed by the same parties, but reciting that same was given in cause No. 1119 in the same justice court, obligating the said Hedges to appear and answer in the same district court on the 15th day of November, 1937, and there remain from day to day, etc. In the statement of facts we find that the bond also requires the appearance of Hedges on the 15th day of November, 1937, and bears the date of October 28, 1937, and same shows to have been filed in cause No. 1119 of the said justice court of precinct No. 1, Runnels County, Texas.

This matter presents itself in a rather confused condition, and at the end of this trial the district attorney made the following motion: "The State now moves to substitute the scire facias from cause No. 4380, and re-number the same 4448, to be the scire facias, in place of this in cause 4449, for the reason that the defendants are the same parties in cause No. 4380 as in cause No. 4449; the amount of the bond is the same; the principal is the same; the bonds in said causes were for felonies; the record shows that indictments were returned by the same grand jury in each criminal case in which the bonds were forfeited, to-wit: 1544 and 1543, and that these defendants are now in open court and have filed answers herein."

In order to render the above statement understandable, it is necessary to state certain matters gathered from a study of the record. It seems that there were two cases in justice court of precinct No. 1 of Runnels County, one numbered 1118 and the other numbered 1119, each charging a felony, that is burglary of two different places. It seems that two bonds were given, each for the same sum, and signed by the same parties, one requiring attendance on November 15, 1937, and the other requiring attendance on November 29, 1937. Each was forfeited, and judgment nisi entered. Scire facias was issued, and after having found a mistake in the justice court number in this cause, the district attorney endeavored to switch scire facias writs in the case, declaring upon a forfeiture in the bond given in justice court number 1118 to the other case declaring on a forfeiture in justice court cause No. 1119, and vice versa, he switching No. 1119 to the scire facias declaring a forfeiture on No. 1118. The confusion in numbers also appears in that these two justice court cases were merged into two criminal cases on the district court criminal docket in, to-wit: Nos. 1543 and 1544. Again they appear on the civil docket of said district court as Nos. 4380 and 4449.

The crucial point herein is whether or not the State shall

be allowed to file an amended pleading as a trial amendment, changing the instrument declared upon in the original pleading filed in the form of a scire facias, from a bond given in one case to another bond given in another case. In other words it amounts to moving a citation from one case to another case when only one case is before the court at that time.

It is our judgment that this proof and allegation do not correspond, and that the amendment offered changes the cause of action to another and different bond, and that this is not permissible under the rules of good pleading.

This cause should be reversed, and a new citation should be issued based upon the proper bond, and in accordance therewith we reverse the trial court's judgment and remand the cause.

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After careful consideration of the State's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.